UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARLOS GUADALUPE SEQUEIRA, LAURENCE S. ALI,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, AND DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No: CV 09-0150 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket 9, 10] |

The parties are presently before the Court on Defendant Wells Fargo Bank, N.A.'s (erroneously sued herein as Wells Fargo Home Mortgage) ("Defendant") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement under Rule 12(e). The motion is unopposed. Having read and considered the papers submitted, and being fully informed, the Court GRANTS the motion as to the seventh claim. Because the only federal claim alleged is being dismissed without leave to amend, the Court declines to assert supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice to refiling such claims in state court.

I.  **BACKGROUND**

Plaintiffs Carlos Guadalupe Sequeira and Laurence S. Ali's (collectively "Plaintiffs") filed a pro se complaint in this court alleging seven claims for (1) fraud, (2) usury, (3) abuse of process, (4) intentional infliction of emotional distress, (5) trespassing, (6) application to enjoin eviction and (7) violation of the federal Coinage Act. The basis of these claims is unclear. Evidently, Plaintiffs own certain real property located at 501 Crescent Way, San Francisco, California. They appear to allege that they were fraudulently induced into entering into a mortgage on the property on terms

that Plaintiffs contends were illegal. The only ostensible federal claim alleged is Plaintiffs' seventh claim under the Coinage Act.

Defendant now moves to dismiss the complaint. The motion is set for hearing on April 7, 2009. Under Local Rule 7-3, Plaintiffs were required to file opposing papers no later than 21 days before the hearing date designated for Wells Fargo's motions. The Court standing order warns that the failure to timely respond to a motion may be deemed to constitute consent to the granting of such motion. Plaintiffs have not responded to the motion. Having reviewed the papers submitted, and given the lack of opposition, the Court has determined that the motion is suitable for resolution without argument.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal upon the plaintiff's "failure to state a claim upon which relief can be granted." A district court should grant a motion to dismiss if the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Conclusory allegations of law are insufficient to defeat a motion to dismiss." Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir.2001)

## III.  DISCUSSION

### A.  Coinage Act

Plaintiffs' sole federal question claim is set forth in their seventh claim and is styled as "Violation of Constitutional Cite, USC 28 Section 1331 and Coinage Act of 1972, USC Title 18 Section 1001." (Compl. ¶¶ 39-48.)[1] This claim largely is unintelligible. Liberally construing their allegations, however, it appears that Plaintiffs are complaining that the apparent loan was for credit, not money. Courts consistently have rejected such a theory of liability. See Coxton v. Wm. Specialty Mortgage, LLC, 2008 WL 4722754 (E.D. Mich. 2008) (rejecting as a matter of law claim that banks were improperly making loans of credit as opposed to money); Carrington v. Federal

---

[1] 28 U.S.C. § 1331 provides that the Court has original jurisdiction over actions based on federal law. 18 U.S.C. § 1001 criminalizes the act of making a false statement to a federal agency. Plaintiffs also refer to the Coinage Act of 1792 and the Coinage Act of 1972. The 1792 Act was repealed in 1982. Matter of Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978, 954 F.2d 1279, 1328 (7th Cir. 1992). The 1972 Act addresses accounting standards and has no application here.

Nat. Mortg. Assoc., 2005 WL 3216226 (E.D. Mich. 2005) (claim that loans must be made in gold and silver was "patently meritless and has been universally rejected by numerous federal courts"); Rene v. Citibank NA, 32 F. Supp. 2d 539, 544 (E.D.N.Y. 1999) ("Since all the causes of action stem from the plaintiffs' premise that the check issued by Citibank was an attempt by the bank to create illegal tender, the defendants' motions to dismiss for failure to state a claim are granted, and the plaintiffs' Complaint is dismissed its entirety."); Nixon v. Individual Head of St. Joseph Mortg. Co., 615 F. Supp. 898, 899-900 (C.D. Ind. 1985) (rejecting argument that bank or mortgage company checks are worthless attempts to create "illegal tender").  The Court concludes that Plaintiffs' seventh claim fails to state a claim, as a matter of law.  Any amendment would be futile, and therefore, such claim is dismissed with prejudice.

**B.    Supplemental Jurisdiction Over Remaining State Law Causes of Action**

"Federal courts are courts of limited jurisdiction. A federal court, however, has jurisdiction to determine its own jurisdiction and its decision on this question is binding in most circumstances unless reversed on direct appeal."   U.S. v. Van Cauwenberghe, 934 F.2d 1048, 1059 (9th Cir. 1991).  When a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining state claims. Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001).  The court therefore exercises its discretion and declines to assert supplemental jurisdiction over Plaintiffs' remaining causes of action.

IT IS HEREBY ORDERED THAT:

1.    Wells Fargo's motion to dismiss is GRANTED and Plaintiff's seventh claim is DISMISSED with prejudice.  The Court declines to exercise supplemental jurisdiction over the remaining state law causes of action which are DISMISSED without prejudice to refiling them in state court.

2.    Wells Fargo's request for judicial notice (Docket 10) and motion for a more definite statement (Docket 9) are DENIED as moot.

2.    All pending dates and deadlines in this case are VACATED.  The Clerk shall close the file.

1  Dated: March 31, 2009                                    _____
2                                                            Hon. Saundra Brown Armstrong
                                                             United States District Judge
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CARLOS G SEQUEIRA et al,

        Plaintiff,

  v.

WELLS FARGO HOME MORTGAGE et al,

        Defendant.
                                          /

Case Number: CV09-00150 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos Guadalupe Sequeira
501 Crescent Way
Suite 5313
San Francisco, CA 94134

Laurence S. Ali
501 Crescent Way
Suite 5313
San Francisco, CA 94134

Dated: April 1, 2009
                                      Richard W. Wieking, Clerk

                                                  By: LISA R CLARK, Deputy Clerk